Larry Taylor,                                    Case No.    3:17-cv-462

        Plaintiff

    v.                                       MEMORANDUM OPINION
                                         AND ORDER

Judge Eric Weisenburger, *et al.*,

        Defendants

## Background

*Pro se* plaintiff Larry Taylor, a state prisoner incarcerated in the Marion Correctional

Institution, has filed this *in forma pauperis* action under 42 U.S.C. § 1983 against Norwalk Municipal

Court Judge Eric Weisenburger, the Norwalk Law Director and Court Clerk of Courts, as well as

Common Pleas Judges James Conway, Clerk of Courts Susan Kagel, and Prosecutor Russell Leffler.

(Doc. No. 1-1 at 3.)

His complaint does not set forth allegations against each of the defendants that are

intelligible to the court, but it appears he contends the defendants violated his constitutional right of

access to the courts, for which he seeks some type of relief under § 1983, in connection with

criminal proceedings against him that "started in . . .1995."  (*See* Doc. No. 1. at 3.)   Judging by the

defendants he names, it appears he is referring to his criminal conviction in the Huron County Court

of Common Pleas, in which he pled no contest to and was found guilty of a charge of burglary.   *See*

*State v. Taylor*, No. H-95-062, 1996 WL 532331, at *1 (Ohio Ct. App. Sept. 20, 1996).   He was also

tried and convicted in the Erie County Court of Common Pleas in 1995 on charges of kidnapping,

rape, felonious sexual penetration, and felonious assault. *See State v. Taylor*, No. E-95-066, 1996 WL 660669, at *1 (Ohio Ct. App. Nov. 15, 1996).

**Analysis**

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe his complaint indulgently and hold it to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Nonetheless, even *pro se* plaintiffs must satisfy basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* actions, and any action in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to avoid a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

The plaintiff's complaint must be dismissed pursuant to §§ 1915(e)(2)(B) and 1915A because it fails to state any plausible claim under § 1983 on which relief may be granted.

First, the plaintiff purports to assert a civil rights claim or claims that would call into question the validity of one or more of his state criminal convictions. Under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), a prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of a criminal conviction unless and until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of

*habeas corpus.*   Until such time, a cause of action under § 1983 is not cognizable.   *Id.* at 486-87.   *See also Edwards v. Balisok*, 520 U.S. 641, 646 (1997).   This holding in *Heck* applies whether a plaintiff seeks monetary, injunctive, or declaratory relief.   *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998).   The plaintiff does not set forth allegations indicating that any of his state convictions have been invalidated or set aside in any of the ways articulated in *Heck*.   Accordingly, he has not alleged a cognizable claim under § 1983.

Second, the plaintiff's complaint fails to set forth facts suggesting that any defendant violated his constitutional right of access to the courts.   No such claim exists unless a plaintiff alleges that defendants prevented him from filing a non-frivolous legal claim challenging his conviction.   *Clark v. Corr. Corp. of Am.*, 113 F. App'x 65, 68 (6th Cir. 2004).   The plaintiff has not alleged discernible facts plausibly suggesting any of defendant engaged in conduct that actually hindered his efforts to pursue a non-frivolous legal claim challenging any of his convictions.

## Conclusion

For the reasons stated above, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.   I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

 s/ Jeffrey J. Helmick
United States District Judge